UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ROJAS,<br><br>                      Plaintiff,<br><br>v.<br><br>BONNIE DUMANIS; SOUTH BAY SUPERIOR COURT; DISTRICT ATTORNEY,<br><br>                      Defendant. | Case No.: 3:17-cv-1432-CAB-MDD<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a); AND(2) SUA SPONTE DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Cesar Armando Rojas ("Plaintiff"), a state inmate currently incarcerated at Mule Creek State Prison, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has not paid the civil filing fees required by 28 U.S.C. § 1914(a) to commence a civil action; instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir.

1999). However, if the plaintiff is a prisoner, as Plaintiff is here, even if he is granted leave to proceed IFP, he remains obligated to pay the full entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20 percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20 percent of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his inmate trust account statement and activity for the six-month period prior to the filing of his Complaint as required by 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. The statement shows Plaintiff has $0.02 in available funds to his credit at the time of filing. The Court GRANTS Plaintiff's Motion to Proceed IFP. Because Plaintiff has insufficient funds to pay a partial filing fee, the Court assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") However, the entire $350 balance of the filing fees due for this case must be collected by the CDCR and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

"The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing," complaints filed by all persons proceeding IFP, and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### A. Plaintiff's allegations

Plaintiff's claims are far from clear but he appears to allege that he was engaged in criminal proceedings in San Diego Superior Court from 2013 to 2014. (*See* Compl. at 3.) Plaintiff claims Bonnie Dumanis, the District Attorney for the County of San Diego, caused his bail to be increased and committed perjury. (*Id.* at 2-3.) It is not entirely

3

3:17-cv-1432-CAB-MDD

clear, but is appears that Plaintiff is claiming that he is serving a longer sentence following his conviction because he claims Defendant Dumanis lied about how many prior criminal convictions he has on his record. (*Id.* at 2-4.)

Plaintiff also indicates that he is "suing public defender" because he claims the Deputy Public Defender assigned to his criminal matter "lied" to him and as a result, Plaintiff must serve a longer prison sentence. (*Id.* at 4.) Plaintiff seeks monetary damages and "my freedom in life working, eating, having fun." (*Id.* at 7.)

**B.  Heck v. Humphrey**

As an initial matter the Court finds that Plaintiff's claims for monetary damages are barred by the doctrine announced in *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994), where the Supreme Court stated:

> "We hold that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."

Id. at 486-87.

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003), quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff seeks relief based on a conviction arising from the alleged perjury, his claims amount to an attack on the validity of his underlying criminal

conviction, and are not addressable under § 1983, unless his conviction has already been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 . . . .'"), quoting *Heck*, 512 U.S. at 489. Plaintiff alleges the District Attorney and his Deputy Public Defender committed perjury which resulted in a longer prison sentence. (*See* Compl. at 3-5.) Such claims "necessarily imply the invalidity" of his criminal conviction and continued incarceration. *Heck*, 512 U.S. at 487. In other words, were Plaintiff to succeed, an award of damages would "necessarily imply the invalidity" of his conviction and/or sentence. *Id.*, 512 U.S. at 487; *see also Guerrero v. Gates*, 442 F.3d 697, 701 (9th Cir. 2006) (finding § 1983 action stemming from allegations of wrongful arrest, malicious prosecution, and a general conspiracy of "bad behavior" among officials in connection with the plaintiff's arrest, prosecution, and incarceration barred by Heck).

### C. State Action

In addition, to state a claim under 42 U.S.C. § 1983 against his defense counsel, Plaintiff must also allege that his defense counsel acted "under color of state law" to deprive him of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981), quoting *United States v. Classic*, 313 U.S. 299, 326 (1941). Attorneys who represent criminal defendants generally do not act under color of state law because representing a client "is essentially a private function . . . for which state office and authority are not needed." *Dodson*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). When attorneys perform as advocates, i.e., meet with clients, investigate possible defenses, present evidence at trial, or make arguments to a judge or jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Dodson*, 454 U.S. at

320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as she performs a traditional role of an attorney for a client, "h[er] function," no matter how ineffective, is "to represent h[er] client, not the interests of the state or county.")

### D. Judicial and Prosecutorial Immunity

Finally, to the extent Plaintiff seeks damages against an unnamed San Diego Superior Court Judge or Defendant Dumanis for either presiding over his criminal proceedings or prosecuting his criminal matter, his claims are legally frivolous, for "[j]udges are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). As a prosecutor, Bonnie Dumanis is likewise entitled to absolute prosecutorial immunity. *Id.* at 1076 ("Where a prosecutor acts as an advocate 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.").

### E. Conclusion

Thus, for all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte because it fails to state a claim and for seeking monetary damages against immune defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*, 203 F.3d at 1126-27. Because Plaintiff is proceeding without counsel, the Court has provided him "notice of the deficiencies in his complaint," and will grant him an opportunity to amend his Complaint. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.      **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.      **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

5.      **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C.

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

7

3:17-cv-1432-CAB-MDD

§ 1983" for his use in amending.

IT IS SO ORDERED.

Dated: August 14, 2017

Hon. Cathy Ann Bencivengo
United States District Judge